UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:10-CR-149 |
| | ) | |
| LARRY JAMES SEYMORE, | ) | |
| REMARCUS BOWDEN, | ) | |
| LEONARDO WILLIAMS, | ) | (PHILLIPS/GUYTON) |
| SKYE MANN-EVANS, THOMAS RILEY, | ) | |
| PRESTON FRANKLIN ADAMS, | ) | |
| CHARLES R. AGEE, | ) | |
| WILLIAM J.M. BRADLEY, | ) | |
| JAY WILLIAM CODY, PAUL W. DURNELL, | ) | |
| GEORGE M. EBERLINE, | ) | |
| RICHARD GETTIS, JR., | ) | |
| STEVEN L. GLOVER, LEROY GUNN, | ) | |
| GARY A. HAWKINS, STEVIE B. ISAACS, | ) | |
| MARK LAWRENCE MICHALEC, | ) | |
| THAD WILLIAM MORRIS, | ) | |
| DORIS MARIE PARKER, | ) | |
| TRAVIS WAYNE PERKINS, | ) | |
| EDWIN ROSARIO, THOMAS J RUCHTI, | ) | |
| WADE FREEMAN SEEBER, | ) | |
| RHONDA GAIL SHELTON, | ) | |
| DAVID R. SPURLOCK, | ) | |
| NICKY LYNN SWEAT, STACY N. THOMAS, | ) | |
| JAMES M. TIMOCKO, | ) | |
| DONALD MICHAEL TURPIN, and | ) | |
| GREGORY WHITFIELD, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28

U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District

1

Court as may be appropriate. This case came before the Court on January 5, 2011, for a scheduled pretrial conference and motion hearing on four pending motions to continue the trial [Docs. 126, 151, 153, and 155]. Assistant United States Attorney D. Gregory Weddle and Matthew T. Morris appeared on behalf of the Government. The following Defendants were present along with their counsel: Defendant Larry Seymore represented by Attorney Bruce Poston; Defendant Preston Franklin Adams represented by Attorney James H. Varner, Jr; Defendant Paul W. Durnell represented by Attorney Randall E. Reagan; Defendant George M. Eberline represented by Attorney R. Alexander Brown; Defendant Leroy Gunn represented by Attorney Jonathan Wood; Defendant Gary A. Hawkins represented by Attorney Mike Whalen; Defendant Stevie B. Isaacs represented by Karmen L. Waters; Defendant Mark Lawrence Michalec represented by Stephen G. McGrath; Defendant Edwin Rosario represented by Attorney Charles C. Burks, Jr.; Defendant Wade Freeman Seeber represented by Attorney Russell T. Greene; Defendant Rhonda Gail Shelton represented by Attorney Gerald L. Gulley, Jr.; Defendant Nicky Lynn Sweat represented by Attorney Mark E. Brown; and Defendant Donald Michael Turpin represented by Attorney Steven G. Shope. Attorneys Paula R. Voss, Robert L. Vogel, and Ursula Bailey were also present but their clients were permitted to waive [see Docs. 160, 166, and 167] their appearance at the hearing. Defendant Thomas J. Ruchti was present at the hearing, but his counsel Attorney Donny M. Young was excused. Neither Defendant Doris Marie Parker, nor her counsel Attorney Leslie M. Jeffress were present.

The Government [Doc. 126] and Defendants Shelton [Doc. 151], Mann-Evans [Doc. 153], and Bowden [Doc. 155] asked the Court to continue the January 19 trial date. The

Government argues that seventeen[1] of the thirty Defendants charged in this case have entered the case, three are set for initial appearance and arraignment after the trial date, and the other ten remain at large. The Government contends that the interest of justice is furthered by trying all of the Defendants together and that interest outweighs the interest of the public and the Defendants in a speedy trial.

Defendant Leonardo Williams filed a response [Doc. 158], opposing the Government's motion to continue the trial. Defendant Williams maintains that the Government chose when and against whom to seek an indictment and that it should have been ready to proceed when it brought an indictment charging thirty Defendants. He argues that the Government's interest in locating and arresting the remaining Defendants does not outweigh the Defendants' interest in a speedy trial. Rather than continuing the trial, Defendant Williams contends that the Government should dismiss or sever the missing Defendants.

Defendant Shelton asks [Doc. 151] the Court to continue the trial and extend the motion-filing deadline because her attorney needs additional time to investigate the case and to prepare pretrial motions. She states that the recent inclement weather and counsel's commitments in other federal cases have prevented him from meeting with her regarding pretrial motions. Defendant Mann-Evans also asks [Doc. 153] for a continuance and a new motion deadline to permit counsel additional time to prepare for trial. Finally, Defendant Remarcus Bowden [Doc. 155] asks the Court for a continuance because his attorney needs additional time to complete her investigation of the case, to advise the Defendant on pretrial motions and trial strategy, and to locate and interview

---

[1] Following the filing of the Government's motion on December 20, 2010, Defendant Leroy Gunn was arraigned just before the pretrial conference, bringing the total to eighteen Defendants, who have entered the case.

witnesses. Defendant Bowden also asks [Doc. 157] the Court to reopen the motion-filing deadline.

At the January 5 hearing, the Court heard additional argument with regard to the requested continuance. Attorney Vogel, representing Defendant Williams, stated that while he did not oppose a continuance in principle, he did object to any time being excluded under the Speedy Trial Act for the Government to locate the missing Defendants.[2] He argued that a continuance for this reason would violate the Speedy Trial Act and the Defendants' Sixth Amendment right to a speedy trial. He did not object to a short continuance "within the speedy trial time," nor was his response [Doc. 158] intended to oppose his codefendants' motions for a continuance.

Attorney Poston, representing Defendant Seymore, opposed the motions to continue by both the Government and his codefendants. He stated that Defendant Seymore was in custody and was ready to go to trial on January 19, as scheduled. Mr. Poston argued that the Government's problem with rounding up all of the codefendants was a problem of its own making. He asked to be severed from the case, if the Court granted the requested continuance.

The Government responded that it had been diligent in bringing the Defendants into this case. It noted that Defendant Gunn had joined the case that morning and that three other Defendants were scheduled for an initial appearance and arraignment in this case on January 20 and February 1, 2011. It contended that these Defendants would need time to prepare for trial and that the other Defendants in the case, such as Defendants Williams and Seymore, were joined to these Defendants for trial and, thus, tied to the same speedy trial clock. Moreover, it characterized the

---

[2]The Court notes that despite Defendant Williams' position taken in his response and at the motion hearing, Defendant Williams presented a sworn affidavit [Doc. 167] to the Court at the hearing, stating that he had discussed his right to a speedy trial with his attorney and that he had "no objection to the government's motion to continue the trial of this matter."

4

Defendants' motions to continue as reasonable. Finally, the Government stated its intention to bring a superseding indictment against Defendants Williams and Seymore on January 19, 2011. It argued that the new charges in this superseding indictment would essentially restart the speedy trial clock with regard to the Defendants named therein.

The Court finds the motions to continue the January 19, 2011 trial to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). This case arises out of a single-count Indictment [Doc. 1], charging thirty Defendants with conspiracy to commit bank fraud. Not including the motions to continue the trial and motion deadlines, the Defendants presently have twenty-four pending motions. 18 U.S.C. § 3161(h)(1)(D). Defendant Williams, who presently objects to a continuance, has eleven pending motions. At least one of the currently pending motions, Defendant Bowden's Motion to Suppress All Out-of-Court Identification of the Defendant [Doc. 154], could involve the taking of evidence. Due to the number and nature of the pending motions, the Court finds that the time required to determine the issues raised therein creates excludable time. See United States v. Tinklenberg, 579 F.3d 589, 598 (6th Cir. 2009) ("hold[ing] that a pretrial motion must actually cause a delay, or the expectation of a delay, of trial in order to create excludable time"), rehg and rehg *en banc* denied (Jan. 12, 2010).

Additionally, the Court observes that Defendant Gunn entered the case on the day of the pretrial conference and motion hearing. His counsel needs time to review discovery and to file pretrial motions. Once all pretrial motions are filed, the Court will need time to hear the motions and time, not to exceed thirty days, to rule on them. 18 U.S.C. § 3161(h)(1)(H). In the event that Defendant Gunn, or another codefendant requesting additional time to file motions, files a

5

dispositive motion, time would be needed for either party to file any objections and for the District Court to rule. Thereafter, the parties would need time to prepare for trial in light of the rulings on the pretrial motions. The Court finds that all of this cannot take place before January 19, 2011 trial date or in less than four and one-half months. Accordingly, the failure to grant a continuance in this case would deny counsel for all of the Defendants with pending motions or who seek to file motions (Defendants Bowden, Mann-Evans, Adams, Durnell, Eberline, Gunn, Rosario, Shelton, and even counsel for Defendant Williams) the reasonable time necessary for effective trial preparation, despite counsels' exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

The Court observes that the Speedy Trial Act contemplates the granting of an ends-of-justice continuance in order to permit either defense counsel or "the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). At the hearing, AUSA Weddle stated that the Government has been working diligently to bring the Defendants charged in the Indictment before the Court. The Court has no reason to believe that this is not the case. As such, the Court finds that the need for this continuance is not caused by "a lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." 18 U.S.C. § 3161(h)(7)(C). In light of the diligent efforts on the part of the Government thus far, the Court finds that the Government's interest in locating and obtaining additional Defendants in order to proceed to a trial of all Defendants is not outweighed by the best interest of the public and the Defendants in a speedy trial. This is particularly true given that a number of Defendants also need the four-and-one-half-month delay in the trial to litigate pretrial motions.

Additionally, the Court notes that excluded from the speedy trial calculation is a

6

"reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6).[3] Under this provision, time excludable as to one defendant is excludable to all codefendants. United States v. Holyfield, 802 F.2d 846, 847-48 (6th Cir. 1986). Unlike some periods of delay automatically excluded by the Act, delay caused by joinder with a codefendant must be reasonable. Henderson v. United States, 476 U.S. 321, 327 (1986). In assessing the reasonableness of delay attributed to codefendants, courts should be guided by the policies supporting the enactment of section 3161(h)(6) (formerly 3161(h)(7)):

> The legislative history of this section demonstrates a strong Congressional preference for joint trials and an intention that delays attributable to the joinder of defendants be liberally excluded. Further, the purpose of this section is to insure that the Speedy Trial Act does not alter the present rules governing severance of co-defendants by forcing the government to prosecute the defendants separately or be subject to a speedy trial dismissal motion.

United States v. Monroe, 833 F.2d 95, 100 (6th Cir. 1987) (citations omitted). In other words, Congress expressly favored the goals of efficiency and economy resulting from multi-defendant trials despite the loss of speed that would result from a severance. See id. This policy behind section (h)(6) supports the Government's argument that delaying trial for the entry of the missing Defendants would further the ends of justice, although the Court notes that in conducting an ends-of-justice analysis this interest must be balanced against the best interest of the Defendants already in this case and that of the public in a speedy trial.

In the present case, Defendants Seymore and Williams, stand indicted with Defendant

---

[3]Section 3161(h)(6) was formerly numbered 18 U.S.C. § 3161(h)(7). Congress renumbered this section, effective October 2008, without changing its language.

Gunn, who just entered the case; Defendants Bowden, Adams, Durnell, Eberline, and Rosario, who all have pending motions; and Defendants Mann-Evans and Shelton, who along with Defendant Bowden, seek to file pretrial motions. Defendants Seymore and Williams[4] have objected to the requested continuance as violating their right to a speedy trial. The Court takes this objection to be a contention that the four-and-one-half-month continuance requested by the listed Codefendants is unreasonable. Further, Counsel for Defendant Seymore summarily requested that if the continuance is granted, the Court should sever him from the trial of his Codefendants and permit him to proceed to trial on January 19, 2011.

The Court finds that the delay caused by the Codefendants' need to investigate the case, to litigate their pretrial motions, and to prepare for trial in light of same to be reasonable. The Court has already found that a continuance of the January 19, 2011 trial date was necessary to give counsel for certain Defendants time to prepare and to litigate pretrial motions. This is particularly true for Defendant Gunn, who just entered the case. For these reasons, the Court finds that the four-and-one-half-month delay in trial attributable to Defendant Gunn, those Defendants with pending motions, and those Defendants seeking to file motions is reasonable. Accordingly, this delay is also attributable to Defendants Seymore and Williams. 18 U.S.C. § 3161(h)(6).

Finally, the Court declines to grant Defendant Seymore's summary request to be severed for a separate trial on January 19, 2011. Defendant Seymore did not demonstrate how he is prejudiced by a joint trial, other than the fact that he will remain in custody pending the new trial

---

[4]Although it appears that Defendant Williams does not object to granting a continuance for his codefendants but only to the continuance requested by the Government, the result would be the same. Accordingly, the Court will treat Defendant Williams as objecting to any continuance.

date. See Fed. R. Crim. P. 14. As a general rule, severance should be granted only if a defendant can show "substantial," "undue," or "compelling" prejudice. United States v. Warner, 971 F.2d 1189, 1196 (6th Cir. 1992). Although the Court declines to sever Defendant Seymore at this time, the Court has extended the motion deadline for all Defendants. Defendant Seymore may file a motion to be severed from the trial of his Codefendants by the new motion-filing deadline, should he choose to do so.

Accordingly, the motions to continue the trial [**Docs. 126, 151, 153, and 155**] are **GRANTED**, and the trial of this matter is reset to **May 31, 2011**. The Court also finds that all the time between the January 5, 2011 hearing and the new trial date of May 31, 2011, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D), -(1)(H), -(6), & -(7)(A)-(B). The requests [**Doc. 157**] to extend the motion-filing deadline are also **GRANTED**. All Defendants may file any additional pretrial motions by **February 21, 2011**. The Government must respond to all presently pending pretrial motions by **February 21, 2011**. The response deadline for any new motions filed after January 5, 2011, is **March 11, 2011**. The parties with pretrial motions are to appear before the undersigned for a motion hearing on **March 29, 2011, at 9:00 a.m.** The deadline for completing plea negotiations in this case is **April 29, 2011**. The Court has set a final pretrial conference in this case on **May 17, 2011, at 11:00 a.m.** The Court instructs the parties that all motions *in limine* are due on or before **May 16, 2011**. Special requests for jury instructions shall be submitted to the District Court no later than **May 20, 2011**, and shall be supported by citations of authority pursuant to Local Rule 7.4. E.D.TN. LR 7.4.

Accordingly, it is **ORDERED**:

(1) The motions to continue the trial [**Docs. 126, 151, 153, and 155**] are **GRANTED**;

(2) The trial of this matter is reset to commence on **May 31, 2011**, **at 9:00 a.m.**, before the Honorable Thomas W. Phillips, United States District Judge;

(3) All time between the **January 6, 2011** hearing, and the new trial date of **May 31, 2011**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The Government is to respond to any presently pending pretrial motions by **February 21, 2011**;

(5) Defendant Remarcus Bowden's Motion to Permit the Filing of Additional Motions [**Doc. 157**] and the requests for additional time to file motions made by Defendants Skye Mann-Evans and Rhonda Gail Shelton in their motions to continue the trial are **GRANTED**;

(6) All Defendants may file additional pretrial motions by **February 21, 2011**;

(7) The deadline for responding to any new pretrial motions is **March 11, 2011**;

(8) The Court will hold a motion hearing on all pending pretrial motions on **March 29, 2011, at 9:00 a.m.**;

(9) The new plea negotiation deadline is **April 29, 2011**;

(10) A final pretrial conference before the undersigned is set for **May 17, 2011, at 11:00 a.m.**;

(11) Motions *in limine* must be filed on or before **May 16, 2011**; and

(12) Special requests for jury instructions must be submitted to the District Court by **May 20, 2011**.

**IT IS SO ORDERED.**

                                      ENTER:

                                            s/ H. Bruce Guyton
                                        United States Magistrate Judge